Lam neck, J.
The defendants claim that Section 2672-2, General Code (Section 323.42, Revised Code), has no application in this case, and that the issue raised is governed by the provisions of Section 5746, General Code (Section 5723.03, Revised Code).
Section 2672-2, General Code (Section 323.42, Revised Code), reads as follows:
“If such person tenders to the county treasurer a sum equal to one hundred per centum of the principal sum of such taxes and assessments, so delinquent, less penalties, interest and other charges for the year 1936 and prior thereto, and plus penalties, interest and other charges for the year 1937 and all years subsequent thereto, the county treasurer shall accept and receive such amount in full payment of all such taxes, assessments, penalties, interest and other charges. Upon receiving such amount the treasurer shall give to the person making such tender a receipt in full for all taxes, assessments, penalties, interest and other charges for the proper years, and shall give to the auditor a certificate in such form as may be prescribed by the Bureau of Inspection and Supervision of Public Offices, which shall operate as a remitter of the difference between the sum so received and the aggregate amounts charged on the tax duplicate or on the delinquent land tax list, or both, and shall be so treated in the next succeeding settlement between the auditor and treasurer.”
Section 5746, General Code (Section 5723.03, Revised Code), reads as follows:
“If the former owner of a tract of land or town lot, which has been so forfeited, at any time before the state has disposed of such land, or lot, shall pay into the treasury of the county in which such land or lot is situated, all the taxes, assessments, penalties and interest due thereon at the time of such payment, the state shall relinquish to such former owner or owners, all claim to such land or lot. The county auditor shall *516 then re-enter such land or lot on his tax list, with the name of the proper owner.”
In construing these sections this court held as follows in State, ex rel. Fodor, v. Monroe, Treas., 160 Ohio St., 495, 117 N. E. (2d), 11:
“1..Under Section 5746, General Code (Section 5723.03, Revised Code), where real property has been forfeited to the state for nonpayment of taxes and assessments, a former owner thereof may, at any time before the state disposes of it, redeem the same by paying into the treasury of the county in which such real estate is situated all the taxes, assessments, penalties, and interest due thereon at the time of such payment.
“2. The amount due on such real property, as provided in the foregoing section, is specifically defined in Section 2672-2, General Code (Section 323.42, Revised Code), to be ‘a sum equal to 100 per cent of the principal sum of delinquent taxes and assessments, less penalties, interest, and other charges for and prior to 1936, and plus penalties, interest, and other charges for 1937 and all years subsequent to such year.’ ” Under the pronouncement in the Fodor case, it is evident, in the instant case, that if the plaintiff is a “former owner” and this is shown by the petition, then the judgment of the Court of Appeals must be reversed, but if plaintiff, as a mortgagee, is not, under the facts pleaded, a “former owner,” then the judgment must be affirmed.
Originally a mortgage was considered an absolute sale of the lands by the mortgagor to the mortgagee, subject to the conditions named in the mortgage. Upon failure of the mortgagor to perform within the time specified, the title to the lands became absolute in the mortgagee. On condition being broken, the remedy of the mortgagee was to take possession of the lands. If he could not do this peaceably, ejectment was his sole remedy.
As time went on, chancery courts became more lib *517 eral in their pronouncements regarding the rights of a mortgagor, by adopting the theory that a mortgage was a mere security for a debt. In order to grant relief to the mortgagor, such a court gave him a certain time, usually six months, to pay the debt and redeem his land. The decree in such a case generally provided that if the mortgagor should fail to pay the debt within the time fixed, his right to redeem would be forever barred. From this procedure the term, ‘ ‘ foreclosure, ’ ’ came into use. If the debt was not paid within the time fixed by the court, the mortgagee became the absolute owner of the lands in fee, and the debt was discharged.
A subsequent development in the rules of courts of chancery permitted a mortgagee on condition broken to elect either to take the land for the debt or to foreclose the mortgage, have the equity of redemption cut off, and then have a master sell the land by the order of the court and apply the proceeds to the payment of the debt. If there was any surplus it was ordered paid to the mortgagor. In case of a deficiency, the mortgagee was entitled to have execution therefor awarded in his favor. See Kerr v. Lydecker, Admr., 51 Ohio St., 240, 37 N. E., 267, 23 L. R. A., 842.
Following this practice in courts of chancery, many states, including our own, enacted it into statute. When the Code of Civil Procedure was adopted in 1853, Section 374, provided that, when a mortgage is foreclosed, a sale of the premises shall be ordered.
This provision was subsequently included in Section 5316, Revised Statutes, Section 11588, General Code, and Section 2323.07, Revised Code.
The right of a mortgagee to recover the possession of the land upon condition being broken always existed at common law. As it has not been taken away by statute in Ohio, it still exists in this state. See Bradfield v. Hale, 67 Ohio St., 316, 65 N. E., 1008.
Under present statutes a mortgagee, who appeals to *518 the courts to enforce his mortgage after condition broken, must elect between two remedies. He may sue for the foreclosure of his mortgage, followed by a sale of the mortgaged premises, or he may sue to recover possession of the premises in ejectment proceedings. See Bradfield v. Hale, supra.
Considering this evolution of the law respecting mortgages, who is the owner of mortgaged property?
Bouvier’s Law Dictionary defines the owner of real property as one “who has dominion * * * which he has a right to enjoy and to do with as he pleases, even to spoil or destroy it, as far as the law permits, unless he be prevented by some agreement or covenant which restrains his right.”
The law recognizes two kinds of ownership, equitable and legal.
An “equitable owner” is one who is recognized in equity as the owner of the property, because the real and beneficial use and title belong to him, although the bare legal title is invested in another.
A “legal owner” is one in whom the legal title to real estate is vested, but subject to the rights of any equitable owner.
A mortgage of real estate is regarded in equity as a mere security for the performance of its condition of defeasance, and where that condition is the payment of a debt, the security is regarded as an incident of the debt. See Exrs. of Swartz v. Leist, 13 Ohio St., 419; Riegel v. Belt, Admr., 119 Ohio St., 369, 164 N. E., 347.
It Has been held that a mortgagor in possession has both the legal and equitable title. On this theory, this court, in Commercial Bank & Savings Co. v. Woodville Savings Bank Co., 126 Ohio St., 587, 186 N. E., 444, ruled that a mortgagor in possession is entitled to the rents and profits of the real estate, as an incident of possession of the equity of redemption. In effect, the court also held in that case that a mortgagor in possession holds the legal title.
*519 In Martin v. Alter, 42 Ohio St., 94, the following comment appears on page 98 :
“In the case of a mortgage in the usual form the legal estate remains in the mortgagor in possession, even after condition broken as to all the world, except the mortgagee.
“The legal title remaining in the mortgagor is liable to levy and sale on execution. It descends to his heirs, subject to the conditional estate to the mortgagee.
“The latter may maintain ejectment or take other legal steps to obtain possession after condition broken, biit until he does so, the mortgagor is at law owner of the fee.” (Emphasis added.)
In Kerr v. Lydecker, supra, the following appears on page 248 :
“The mortgage being, in equity, regarded as a mere security for the debt, the legal title to the mortgaged premises remains in the mortgagor, as against all the world, except the mortgagee, and also as against him until condition broken, but after condition broken the legal title as between mortgagor and mortgagee is vested in the mortgagee.” (Emphasis supplied.)
In Bradfield v. Hale, supra, it is held in the first paragraph of the syllabus that “as between the mortgagor and mortgagee in a mortgage upon real estate, after condition broken, the legal title to the mortgaged premises is in the mortgagee.”
When a mortgagee goes into possession by sufferance or consent he becomes a trustee for the mortgagor and those claiming under the mortgagor. In such case the mortgagee is required to handle the mortgaged property in a provident manner and to handle the income therefrom and apply the proceeds to the debts in the order of their priority. When his own debt 's paid he is required to restore the property to the mortgagor. See 19 Ruling Case Law, 326, 324, Sections 102, 105; 59 Corpus Juris Secundum, 427, Section 318.
It was also held in Anderson v. Lanterman, 27 Ohio *520 St., 104, that “a mortgagee in possession of the mortgaged premises, after condition broken, with the assent of the mortgagor, is presumed, until the contrary is shown, to occupy in his character of mortgagee; and as such is liable to account for rents and profits.”
It is somewhat difficult to reconcile all the foregoing pronouncements relating to the ownership of and title to mortgaged real estate. In order to determine the question of ownership it would appear that the following principles may be deduced from the authorities just cited:
1. A mortgage of real property in the usual form is a mere security for a debt, or for the performance of some other condition.
2. The legal and equitable title to mortgaged real estate remains in the mortgagor so long as the condition of the mortgage remains unbroken.
3. After condition broken, the legal title as between the mortgagee and mortgagor is vested in the mortgagee, subject to the equity of redemption.
4. Ordinarily, where the relation of mortgagor and mortgagee exists, a mortgagor in possession has not only the right of possession, but this right continues after condition broken until the period of redemption expires or until the mortgagee lawfully gains possession.
5. Generally a mortgagee in possession of mortgaged real estate, by sufferance or consent, during the period that the right to redeem exists, is a trustee for the mortgagor and those claiming under him.
Applying these principles to the problem to be resolved, it would appear that until a mortgage is foreclosed and a sale consummated, or until a mortgagee obtains possession by ejectment proceedings, the fee to mortgaged real estate, as stated in Martin v. Alter, supra, remains in the mortgagor. He is the person with the right to the use and enjoyment of, and the dominion over, such real estate. The real and benefi *521 cial use belongs to Mm. He is entitled to tbe usufruct, rents and profits. Until be is divested of bis fee, be is tbe owner of tbe property. In 59 Corpus Juris Secundum, 404, Section 310, tbe following appears:
“Generally speaking, a mortgagee wbo bas not taken possession of the premises is not in any proper sense tbe owner and is not entitled to exercise control over them.”
It must, therefore, be held under Section 5746, General Code (Section 5723.03, Revised Code), that tbe term, “former owner or owners,” does not include a mortgagee of mortgaged property where tbe mortgagor bas not been divested of Ms fee by legal proceedings..
As heretofore stated herein, tbe petition in the instant case alleges that tbe plaintiff bas two mortgages on certain sublots located in tbe city of Parma and a mortgage on certain other sublots in tbe city of Cleveland, all in Cuyahoga county; that these lots were included in tbe auditor’s list of forfeited lands and were offered for sale; and that certificates of sale were issued therefor. There are no allegations in tbe petition showing tbe dates of tbe mortgages or whether tbe condition or conditions have been broken. Neither does tbe petition allege wbo was in possession immediately prior to forfeiture or what, if any, legal proceedings were taken op tbe mortgages.
Under tbe facts alleged in the petition, and under Section 5746, General Code (Section 5723.03, Revised Code), tbe judgment of tbe Court of Appeals, affirming the judgment of the Court of Common Pleas sustaining the demurrer to tbe petition, must be affirmed.

Judgment affirmed.

Weygandt, C. J., Taet, Hart, Zimmerman and Stewart, JJ., concur.